UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

IN RE:                                          )    CHAPTER 13
                                                )
JEFFREY L. OSTERBERG                            )    CASE NO. 07-71621
LORI J. OSTERBERG                               )
                                                )
        Debtor(s)                               )

## NOTICE OF CURE OF ALL PRE-PETITION MORTGAGE OBLIGATION

TO:     American General Finance
        (Creditor Name)
        342 Chrysler Drive
        (Creditor Address)
        Belvidere, IL 61008

        002 / 7907728
        (Claim # / Account #)


        Jeffrey L. Osterberg                         Attorney Henry Repay
        (Debtor's Name)                              (Debtor's Attorney Name)
        Lori J. Osterberg                            405-1/2 South State Street
        (Debtor's Address)                           (Debtor's Attorney Address)
        1010 Logan Avenue                            Belvidere, IL  61008-3706

        Belvidere, IL  61008

        07-71621
        (Case Number)

     THIS NOTICE IS HEREBY GIVEN BY THE CHAPTER 13 TRUSTEE, LYDIA S. MEYER,
PURSUANT TO ¶ B(2)b OF THE PLAN FILED HEREIN ON 9/25/2007

     (1) That the cure amount has been paid, satisfying all pre-petition mortgage obligations of
the debtor, (2) that the holder is required to treat the mortgage as reinstated and fully current
unless the debtor has failed to make timely payments of post-petition obligations, (3) that if the
debtor has failed to make timely payments of any post-petition obligations, the holder is required
to itemize all outstanding payment obligations as of the date of the notice, and file a statement

of these obligations with court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or such longer time as the court may order), (4) that if the holder fails to file and serve a statement of outstanding obligations within the required time, the holder is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice, and (5) that if the holder does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the holder and the standing trustee, with the court resolving the challenge as a contested matter, or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due. To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the holder to collect these amounts will be unaffected.  No liability shall result from any nonwillful failure of the trustee to serve the notice required by this subparagraph.

/s/Lydia S. Meyer
LYDIA S. MEYER, Trustee

## CERTIFICATE OF MAILING

The undersigned certifies that a copy of the foregoing notice was mailed to the Debtor(s), Debtor(s) attorney of record, and creditor to addresses listed above in envelopes bearing first class postal indicia on the 15th day of January, 2008.

/s/Cynthia K. Burnard

LYDIA S. MEYER, Trustee
308 W. State Street, Suite 212
P.O. Box 14127
Rockford, IL  61101-4127
Telephone:  815/968-5354
Fax:  815/968-5368